UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERALD ALSTON,
    Plaintiff,

    v.                                                         CIVIL ACTION NO. 15-13987-GAO

TOWN OF BROOKLINE, MASSACHUSETTS;
BROOKLINE BOARD OF SELECTMEN;
BETSY DEWITT, in her individual and official
capacities; KENNETH GOLDSTEIN, in his
individual and official capacities; NANCY DALY,
in her individual and official capacities; JESSE
MERMELL, in her individual and official capacities;
NEIL WISHINSKY, in his individual and official
capacities; BERNARD GREENE, in his individual
and official capacities; BEN FRANCO, in his
individual and official capacities; NANCY HELLER,
in her individual and official capacities; SANDRA
DEBOW, in her individual and official capacities;
JOSLIN MURPHY, in her individual and official
capacities; and LOCAL 950, INTERNATIONAL
ASSOCIATION OF FIREFIGHTERS,
    Defendants.

MEMORANDUM AND ORDER ON DEFENDANTS TOWN OF BROOKLINE,
MASSACHUSETTS, BROOKLINE BOARD OF SELECTMEN, BETSY DEWITT,
KENNETH GOLDSTEIN, NANCY DALY, JESSE MERMELL, NEIL WISHINSKY,
BERNARD GREENE, BEN FRANCO, NANCY HELLER, SANDRA DEBOW, AND
JOSLIN MURPHY'S MOTION TO STRIKE (#86) AND ALTERNATIVE
MOTION FOR A MORE DEFINITE STATEMENT (#88).

KELLEY, U.S.M.J.

I. <u>Introduction</u>.

    Plaintiff Gerald Alston brought this action against the Town of Brookline (the Town); the

Brookline Board of Selectmen (the Board); various individuals who are either currently or at

some point relevant to this action were serving as selectmen on the Board (the Selectmen);[1] the Human Resources Director for the Town, Sandra Debow; Town Counsel, Joslin Murphy; the union of firefighters to which plaintiff belonged, Local 950; and Stanley Spiegel, a Town Meeting member and member of the Town's Advisory Committee,[2] alleging violations of 42 U.S.C. §§ 1981, 1983, and 1985 stemming from an alleged ongoing policy and practice of racial discrimination in Town governance. (#78.) The Town, the Board, the Selectmen, Sandra Debow, and Joslin Murphy (the Town defendants) have moved to strike certain portions of the second amended complaint pursuant to Fed. R. Civ. P. 12(f), to strike portions that fail to comply with Fed. R. Civ. P. 8(a) and 8(d)(1) and with the court's previous order on defendants' motions to dismiss (#86) and, alternatively, pursuant to Fed. R. Civ. P. 12(e), for a more definite statement (#88); Alston has responded in opposition (#96).

## II. Travel of the Case.[3]

The operative pleading in this matter is the third iteration of the complaint, the second amended complaint. (#78.) The original complaint was dismissed voluntarily (#21) and the first amended complaint was dismissed based on the district court's adoption of this court's recommendation. (#75.) The recommendation to dismiss the first amended complaint without prejudice primarily was based on Alston's failure to comport with the pleading requirements of

---

[1] The Selectmen are: Betsy DeWitt, 2006 to 2015, (#78 ¶ 5); Jesse Mermell, 2010 to 2013, *id.* ¶ 6; Kenneth Goldstein, 2009 to 2015, *id.* ¶ 7; Neil Wishinsky, 2013 to present, *id.* ¶ 8; Nancy Daly, 2005 to present, *id.* ¶ 9; Bernard Greene, 2015 to present, *id.* ¶ 10; Ben Franco, 2014 to present, *id.* ¶ 11; Nancy Heller, 2015 to present, *id.* ¶ 12.

[2] Stanley Spiegel has since been dismissed from this action. (#105.)

[3] General familiarity with the facts of this case is presumed; for a detailed account of the facts *see* #72, Report and Recommendation on Motions to Dismiss.

Rule 8, Fed. R. Civ. P. [4] (#72.) The court concluded that the first amended complaint fell "far short of the Rule 8(a) standard in many respects." (#72 at 28.)

III. Discussion.

While the second amended complaint is more succinct than the first and cabins allegations, for the most part, as illicit conduct resulting in harm to Alston,[5] the Town defendants contend that plaintiff has again failed to comply with the pleading requirements of Rule 8 such that portions of the document must be struck or require additional explanation or clarification.

A. Motion to Strike.

The Town defendants move to strike paragraphs 19 and 20 (with the exception of the first sentence), 21-23 and 24 (with the exception of the first and last sentences), 25 (with the exception of the first sentence), 26, and 40-69. (#86 at 1.)

In accordance with Rule 12(f), a party may move to have the court "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking portions of a pleading is disfavored.

> Courts have 'considerable discretion' to strike material under Rule 12(f). *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988). However, Rule 12(f) 'motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion.' *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) (quoting *Boreri v. Fiat S.P.A.*, 763 F.2d 17, 23 (1st Cir. 1985)). That is because 'striking a portion of a pleading is a drastic remedy and it is often sought by the movant simply as a dilatory or harassing tactic.' *Id.* (internal quotations omitted). As the moving party, defendants bear the

---

[4] This court recommended that the claims against all defendants be dismissed for failure to comply with Rule 8, save for those alleged against Stanley Spiegel, which the court recommended be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P. (#72.) The district court, in the interest of fairness, afforded plaintiff the opportunity to replead his claims against all defendants. (#75.)

[5] Adopting this court's first Report and Recommendation, the district court ruled that "Alston is granted leave to file an amended complaint stating claims personal to him." (#75 at 2.)

3

burden of showing that the allegations should be struck under Rule 12(f). *Berke v. Presstek, Inc.*, 188 F.R.D. 179, 180 (D.N.H. 1998).

*Carney v. Town of Weare*, No. 15-CV-291-LM, 2016 WL 320128, at *2 (D.N.H. Jan. 26, 2016) (footnote omitted); *Holloman v. Clarke*, No. CV 14-12594-NMG, 2017 WL 1098818, at *1 (D. Mass. Mar. 23, 2017) ("courts may strike pleadings that include inadmissible hearsay or lack of personal knowledge under Rule 12(f).").

> Immaterial matter under Rule 12(f) is defined as:
>
> that which has no relationship to the cause of action pled. The presence of immaterial allegations in a complaint can rise to the level of prejudice when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party.
> . . . .
> The Court's focus, however, must be on the prejudicial nature of keeping [the contested portions] in the complaint at this point, not whether it is merely confusing.

*Leader v. Harvard Univ. Bd. of Overseers*, No. CV 16-10254-DJC, 2017 WL 1064160, at *7-8 (D. Mass. Mar. 17, 2017) (internal citation omitted); *Sheffield v. City of Boston*, No. CV 15-14174-NMG, 2016 WL 6496432, at *1 (D. Mass. Oct. 28, 2016) ("Rule 12(f) motions are not typically granted without a showing of prejudice to the moving party." (internal citation omitted)).

The Town defendants assert that plaintiff has failed to comply with this court's Report and Recommendation on motions to dismiss the first amended complaint, and with the requirements of Rule 8. (#89 at 3-6.) While it is true that "a pleading that violates the principles of Rule 8 may be struck within the sound discretion of the court, [i]n assessing whether a motion to strike should be granted, the Court must bear in mind that such motions are rarely granted absent a showing of prejudice to the moving party." *Leader*, 2017 WL 1064160, at *1. The Town defendants argue that certain portions of the second amended complaint should be struck because they: add unnecessary length and complexity; pose potential problems for both discovery and

4

trial; and contain allegations that are outside the statute of limitations. (#89 at 4-5.) The Town defendants' argument is in many respects unpersuasive.

First, with regard to plaintiff's failure to obey the court's order concerning streamlining and clarifying the complaint, the court notes that while the complaint is still lengthy, it has gone from 85 to 39 pages. (*Compare* #12, *with* #78.)  With regard to clarity, the complaint is not so deficient as to leave the Town defendants unaware of the allegations against them. *See Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (complaint must give defendant fair notice of claim and grounds on which it rests).

Second, although the court will permit certain allegations to remain in the complaint, the court does not endorse any particular allegations as appropriate for in-depth discovery, and obviously, the trial judge will rule on whether certain allegations are admissible at trial. For example, paragraph 42 alleges racial discrimination in housing going back to the 1960's in Brookline and culminates with the statement: "Brookline found that a fear of Black people moving into white neighborhoods was at the root of this pattern of discrimination." The complaint does not cite to any source for this information. The information predates the allegations pertaining to Mr. Alston by 40 years. The court is hard-pressed to imagine how facts pertaining to this allegation would be admissible at trial. Nevertheless, because the First Circuit has stated that motions to strike are "disfavored in practice," *see Manning*, 725 F.3d at 59, and because this court does not find it appropriate while the case is at the pleading stage to engage in a line-by-line evaluation of the relevance of certain allegations, the court will allow paragraph 42 to stand.

Finally, while there are many allegations in the complaint that are outside the statute of limitations, the ones that remain arguably could be "historical facts" which plaintiff is entitled to

allege. *See Chery v. Sears, Roebuck and Co*, 98 F. Supp. 3d 179 (D. Mass 2015) (O'Toole, D.J.) (in context of employment discrimination case, party may file suit based on events that fall outside the statute of limitations under continuing violation doctrine). That said, with regard to paragraphs 40 through 69, which allege among other things numerous instances of racial disparity in the treatment of town employees, the court notes that many of the allegations seem convoluted, far-removed in time from the allegations here, or predicated on dubious facts. For example, it seems unlikely that plaintiff will be able to prove that the fact that Brookline has fewer residents of color than does Boston, as alleged in paragraph 41, is due solely to overt racism, or that the trial judge will permit a lengthy dispute over this alleged fact to be litigated at trial. Nevertheless, at this stage of the case it is inappropriate for the court to make detailed rulings concerning the scope of the plaintiff's claim.

With this framework in mind, the court has reviewed the paragraphs in issue and rules as follows:

Paragraph 19: Struck, save for the first and last sentences and the fact that Alston is from Dorchester. Each of these assertions shall be set forth in its own paragraph as required by Rule 10, Fed. R. Civ. P.[6]

Paragraph 20: Defendants' motion to strike is denied.

Paragraph 21: Struck in its entirety.

Paragraphs 22-26, 40, 41-42: Defendants' motion to strike is denied.

Paragraph 43: The first sentence shall be struck. Defendants' motion to strike is denied with respect to the remainder of paragraph 43.

---

[6] Where applicable, Alston is to replead all of the contested paragraphs that are not struck as a result of this court's order in accordance with Rule 10.

Paragraphs 44, 45: Defendants' motion to strike is denied.

Paragraph 46: Struck in its entirety.

Paragraphs 47-58: Defendants' motion to strike is denied.

Paragraphs 59, 60: Struck in their entirety.

Paragraph 61: The first sentence shall be changed to read "Sergeant Robert Lawlor, a white Brookline police officer, was protected from any substantial disciplinary action after he told Prentice Pilot to do 'nigger jumping jacks' on December 7, 2015." Defendants' motion to strike is denied with respect to the remainder of paragraph 61.

Paragraphs 62-69: Defendants' motion to strike is denied.

### B. Motion for a More Definite Statement.

The Town defendants alternatively move for a more definite statement with respect to paragraphs 24 (regarding the allegation that Brookline "made [Pender] the official trainer for all firefighters in Brookline"), 25 (with the exception of the first sentence), 26, 47, and 66-69.

A party may move for a more definite statement when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The "rule 'is designed to remedy unintelligible pleadings, not merely to correct for lack of detail.'" *Jones v. Revenue Assistance Program*, No. CV 15-14017-NMG, 2016 WL 3919843, at *8 (D. Mass. July 14, 2016), *appeal dismissed* (Nov. 16, 2016) (quoting *Ivymedia Corp. v. iLIKEBUS, Inc.*, 2015 WL 4254387, at *6 (D. Mass. July 13, 2015)).

Plaintiff shall explain the statement: "It made [Pender] the official trainer for all firefighters in Brookline" in paragraph 24. Plaintiff shall clarify the statements in paragraph 25 with details concerning precisely to what the statements are referring. Having analyzed the remaining relevant paragraphs, the court finds them not to be "so vague or ambiguous" that the

Town defendants "cannot reasonably prepare a response." For this reason, the town defendants' motion for more definite statement (#88) is allowed in part and denied in part.

IV. Conclusion.

The Town defendants' Motion to Strike (#86) is ALLOWED in part and DENIED in part as detailed in this Order. The Town defendants' Alternative Motion for a More Definite Statement (#88) is ALLOWED in part and DENIED in part.

Alston shall have ten (10) days to amend the second amended complaint (#78) to the extent necessary to comply with the court's modifications and instructions as stated in this Order; no further or additional amendment is allowed.

                                                    /s / M. Page Kelley
                                                    M. Page Kelley
May 8, 2017                                      United States Magistrate Judge