UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13987-GAO

GERALD ALSTON,
Plaintiff,

v.

TOWN OF BROOKLINE, MASSACHUSETTS, BROOKLINE BOARD OF SELECTMEN,
BETSY DEWITT, KENNETH GOLDSTEIN, NANCY DALY, JESSE MERMELL, NEIL
WISHINSKY, BERNARD GREENE, BEN FRANCO, NANCY HELLER, SANDRA DEBOW,
JOSLIN MURPHY, each of them in his or her individual and official capacity, and LOCAL 950,
INTERNATIONAL ASSOCIATION OF FIREFIGHTERS,
Defendants.

OPINION AND ORDER
July 5, 2018

O'TOOLE, D.J.

The plaintiff, Gerald Alston, has filed a Motion for Reconsideration of the Court's order on the Reports and Recommendations on the defendants' motions to dismiss (dkt. nos. 188 & 189) wherein the Court concluded, in relevant part, that the doctrine of claim preclusion barred Alston from asserting claims against the individual defendants that pre-date the final judgment of the Norfolk Superior Court case ("Norfolk case"). Alston argues that claim preclusion cannot apply because Goldstein v. Galvin, 719 F.3d 16 (1st Cir. 2013), forecloses any finding of privity between the individual defendants here, various town officials and members of the Select Board sued in their individual capacities, and the defendant in the Norfolk case, the Town of Brookline itself.

"[T]here is no generally prevailing definition of privity which can be automatically applied to all cases." DeGiacomo v. City of Quincy, 63 N.E.3d 365, 370–71 (Mass. 2016) (quoting Old Dominion Copper Mining & Smelting Co. v. Bigelow, 89 N.E. 193, 217 (Mass. 1909), aff'd, 225 U.S. 111 (1912)). Privity, rather, is "best understood simply as a legal conclusion that follows from

an analysis of the relationship between the parties to a prior adjudication and the party to be bound." Id. (citations omitted).

Alston's reliance on Goldstein is misplaced because the case is too factually and legally distinguishable to control the privity determination here. In Goldstein, the plaintiff filed two lawsuits against the Secretary of the Commonwealth in connection with Massachusetts securities regulations. Goldstein, 719 F.3d at 22. In the first suit, which was filed in state court, the plaintiff brought claims under 42 U.S.C. § 1983 against the Secretary in his official capacity, challenging on First Amendment grounds the constitutionality of state regulations prohibiting the solicitation of unregistered securities. Id. at 22. In the second, the federal action underlying the Court of Appeals opinion in Goldstein, the plaintiff again brought claims against the Secretary under § 1983, but this time in the Secretary's individual capacity, alleging that he had personally induced members of the Massachusetts Securities Division to prosecute the plaintiff's hedge fund in retaliation for the plaintiff's outspoken opposition to securities regulations. Id.

The Court allowed the second action, holding that, with respect to claims under § 1983, "a person sued only in his official capacity is neither identical to, nor in privity with, the same person sued in his individual capacity." Id. at 23. The holding was premised on the different legal theories, defenses, and sources of liability presented by individual and official capacity suits, as is evident from the opinion and the authorities relied upon therein. See, e.g., Id. ("By definition, [an individual capacity] suit takes aim at the individual, not the government entity with which he is associated."); Kentucky v. Graham, 473 U.S. 159, 166 (1985); Conner v. Reinhard, 847 F.2d 384, 395 (7th Cir. 1988); Andrews v. Daw, 201 F.3d 521, 525 (4th Cir. 2000); Restatement (Second) of Judgments § 36 (1982).

Alston's claims in the Norfolk case were brought under Sections 4(1) and 4(4) of Massachusetts General Laws, Chapter 151B. Those sections do not distinguish between a defendant's individual and official capacities. Bolduc v. Town of Webster, 629 F. Supp. 2d 132, 154 (D. Mass. 2009); Bain v. City of Springfield, 678 N.E.2d 155, 159 (Mass. 1997); Beaupre v. Cliff Smith & Assocs., 738 N.E.2d 753, 764 (Mass. App. Ct. 2000). The distinction drawn in the Goldstein cases is therefore inapplicable.

Alston's claims are governed by Massachusetts law, which recognizes that a non-party may invoke claim preclusion when its interests were represented by a party to the prior litigation, or when the party has a close and significant relationship with a party to the prior suit. Hermes Automation Tech., Inc. v. Hyundai Elecs. Indus. Co., 915 F.2d 739, 750–51 (1st Cir. 1990); TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc., 716 N.E.2d 1044, 1049–50 (Mass. App. Ct. 1999).

The individual defendants named in the Third Amended Complaint clearly meet this standard. See Hudson v. MacEachern, 94 F. Supp. 3d 59, 66 (D. Mass. 2015). As Alston himself alleges, members of the Select Board are responsible for representing the Town of Brookline in lawsuits as plaintiff and defendant. See Coughlin v. Town of Arlington, No. CA 10-10203-MLW, 2011 WL 6370932, at *5–6 (D. Mass. Dec. 19, 2011). Moreover, the acts of discrimination claimed in both of Alston's lawsuits could only have been committed by the town officials and/or Select Board members, who act as the fire commissioner; are the ultimate decision-makers with respect to the hiring, firing, promotion, demotion and discipline of Brookline firefighters; and are responsible for adopting and overseeing town administrative policies, including the Town's anti-discrimination and retaliation policy. See Hudson, 94 F. Supp. 3d at 66; Coughlin, 2011 WL 6370932, at *6.

It is clear from the record that Alston had the factual basis, incentive, and opportunity to assert in the Norfolk case the same claims against the individual defendants as were asserted against the Town. See Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005) (noting that claim preclusion is "'based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit.'") (citations omitted). The final judgment in that case, therefore, bars Alston's claims against the individual defendants that could have and should have been adjudicated in the earlier case. See Heacock v. Heacock, 520 N.E.2d 151, 152–53 (Mass. 1988); see also Day v. Kerkorian, 814 N.E.2d 745, 751 (Mass. App. Ct. 2004) ("It is a requirement that all legal theories supporting a claim be presented when the opportunity is available, not preserved for presentation through piecemeal litigation."). Concluding otherwise would frustrate the well-established prohibition against claim splitting by allowing a plaintiff to withhold federal civil rights claims as insurance against an adverse judgment on comparable state law claims, where the issues could have been resolved in a single action.

Accordingly, and as previously stated, Alston may only assert claims against the defendants—both Town and individual—that have arisen after the date of the final judgment of the Norfolk case.[1] All claims prior to this date are barred and dismissed. The Motion for Reconsideration (dkt. no. 208) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge

---

[1] The claims against Jesse Mermell, for example, whose tenure on the Select Boarded ended prior to the final judgment in the Norfolk case, are barred by claim preclusion.