UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD ALSTON,<br><br>Plaintiff<br><br>v.<br><br>TOWN OF BROOKLINE, MASSACHUSETTS, et al.<br><br>Defendants | CIVIL ACTION: 1:15-CV-13987-GAO |

## OPPOSITION TO TOWN OF BROOKLINE'S MOTION TO DEEM CERTAIN PLEADINGS NON-CONFIDENTIAL

Gerald Alston opposes the Town of Brookline's ("Town") motion insofar as it seeks to place in the public record information from confidential medical records that the Town did not deem worthy of discussing with any of the fourteen (14) witnesses called during the ten-day public hearing on Mr. Alston's civil service appeal. As these records were not discussed publicly, references to them remain protected from public disclosure by the endorsed protective order in this case. (Doc. 329). In addition, although the Town may be permitted to cite to relevant discussion of medical records that are part of the transcript of the public hearing, it should not be permitted to cite the confidential medical records directly and publicly. On April 3, 2019, the undersigned counsel engaged in a telephone conference with the Town's counsel, Patricia Correa, regarding the Town's request and outlined the above-position. The Town did not

1

provide a persuasive rationale at the conference, and has not provided one it its moving papers, for making these references public.[1]

Although the Town claims that "[p]laintiff apparently seeks to keep as much of a central basis for the Town's defense out of the public eye to the extent possible," it was the Town's decision not to refer to these records during the public hearing, the purpose of which was to determine whether the Town had wrongfully terminated Mr. Alston in violation of basic merit principles, including the right to be treated fairly without regard to race. It is hard to understand how these records can now be considered "a central basis for the Town's defense" in this case, which also relates to Mr. Alston's right to be treated fairly without regard to race. The Town's claim that these records are central to its defense is also belied by the fact that the Town did not include references to these records in the twenty-one (21) page memorandum it filed in support of staying the commission's decision to reinstate Mr. Alston to his position as a Brookline firefighter. (Affidavit of Brooks A. Ames, ¶ 2).

For the foregoing reasons, the Court should deny the Town's motion as it relates to references to Mr. Alston's confidential medical records appearing in Footnotes 8, 13 and 20 and page 20 of the Town's Memorandum in Support of Summary Judgment (Doc. 366), and in

---

[1] The references at issue appear in Footnotes 8, 13, 20, and p. 20 of the Town's Memorandum in Support of Summary Judgment (Doc. 366), and in Paragraphs 57(c), (d) and (f) of the Municipal Defendants' Local Rule 56.1 Statement (Doc. 364).

Paragraphs 57(c), (d) and (f) of the Municipal Defendants' Local Rule 56.1 Statement (Doc. 364).

Respectfully submitted,

GERALD ALSTON

By his attorney,

   /s Brooks A. Ames       
Brooks A. Ames (BBO #641192)
BROOKLINE JUSTICE LEAGUE, INC.
1309 Beacon Street, 3rd Floor
Brookline, MA 02446
brooksames1@gmail.com
(617) 763-5526

Dated: April 24, 2019

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the foregoing document filed through the ECF system on April 24, 2019 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served on those indicated as non-registered participants.

/s Brooks A. Ames